# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE C.,[1] <br> (A Number: 203-716-155) <br><br><br> Petitioner, <br> v. <br><br> CHRISTOPHER CHESNUT, *Warden*, et al., <br><br> Respondents. | Case No.  1:26-cv-02506-KES-EGC (HC) <br><br> **ORDER DENYING MOTION FOR COUNSEL** <br><br> **FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER BOND HEARING** <br><br> (Docs. 1,3) <br><br> <u>TEN (10) DAY DEADLINE</u> |

Jose C. is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

He is a native and citizen of Venezuela who entered the United States without inspection. (Doc. 9-4 at 2).  On October 5, 2019, Petitioner was encountered by United States Border Patrol, at which point Petitioner was released on bond and given a Notice to Appear.  (*Id.*). On January 21, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner upon his arrest for the offense of Battery Domestic Violence.  (*Id.*).

The Court has previously addressed the legal issues raised by the petition.  *See*, *e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

(E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On April 6, 2026, the Court ordered Respondents to show cause as to why the Petition should not be granted. (Doc. 7). On April 24, 2026, Respondents filed a response in which they acknowledge the case law to the contrary. (Doc. 9 at 2–3). Nevertheless, Respondents continue to maintain their position, which this Court has repeatedly rejected in the cases noted above, that Petitioner is considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. §1225(b)(2). (*Id.*). In line with the Court's previous cases, the undersigned finds that Petitioner is subject to Section 1226(a), that their previous release on bond created a strong liberty interest in remaining free of detention, and that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated her due process rights.

Respondents contend that Petitioner's arrest and subsequent charge for domestic battery justify revocation of release because she violated the conditions of her release. (Doc. 9 at 3). Respondents have submitted Petitioner's criminal rap sheet reflecting Petitioner's arrest and charge for domestic battery. (ECF No. 9-5 at 4). Yet, the records reflect only an arrest and a "Dropped/Abandoned" charge. (*Id.*). "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)).

There is also no indication that Petitioner was provided with any notice, reason for their re-detention, or opportunity to respond. Nevertheless, Respondents' "reliance on th[e] violation[] is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts have done, the undersigned concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal.

Aug. 15, 2025). In line with previous cases, the Court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions noted above, the undersigned will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

## ORDER

Petitioner requested the appointment of counsel. (Doc. 3). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the undersigned is recommending the petition be granted on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents be ORDERED to provide Petitioner with a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if she is released. In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not

exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 2, 2026**                        _____
                                                  UNITED STATES MAGISTRATE JUDGE