# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE CORDERO,
(A Number: 203-716-155)

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-02506-KES-EGC (HC)

**FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO ENFORCE AND APPOINT COUNSEL AND MOTIONS FOR TEMPORARY RESTRAINING ORDER**

**ORDER DENYING MOTION TO APPOINT COUNSEL**

(Docs. 18, 24, 26)

FOURTEEN-DAY DEADLINE

Jose Cordero is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 2, 2026, Petitioner filed a petition for writ of habeas corpus, challenging his detention. (Doc. 1). On July 5, 2026, the Court adopted the findings and recommendations issued by the assigned magistrate, granted the petition, and ordered Respondents "to provide petitioner Jose C[.] with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him." (Doc. 16 at 2).

On August 13, 2026, Petitioner filed the instant motion to enforce the Court's prior order and to appoint counsel. (Doc. 18). On September 9, 2026 and October 5, 2026, Petitioner filed

motions for a temporary restraining order. (Docs. 24, 26). On August 27, 2026, Respondents filed a copy of the Immigration Judge's decision and a transcript of the bond hearing. (Doc. 21). On September 3, 2026, Respondents filed an opposition. (Doc. 23). The assigned district judge referred the motions "to the assigned magistrate judge for the preparation of findings and recommendations." (Doc. 20, 25, 27).

In the motion to enforce, Petitioner asserts that "Petitioner was given a bond hearing before an Immigration Judge, but the hearing did not comply with this Court's order or protect Petitioner's due process rights" (Doc. 18 at 1–2). Respondents argue that "Petitioner has not demonstrated an abuse of discretion or constitutional violation as to the court-ordered bond hearing. (Doc. 23 at 3).

A "district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief." *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (citing *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (holding that a federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case); *Phifer v. Warden, U.S. Penitentiary*, 53 F.3d 859, 865 (7th Cir. 1995) ("When a habeas petitioner alleges noncompliance with a conditional order, jurisdiction exists for the purpose of determining whether the [government] acted in accordance with the court's mandate."); *Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir. 1972) ("The equitable jurisdiction of a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court.")).

The undersigned observes that Petitioner's entire argument is the conclusory assertion that Petitioner's bond hearing did not comport with the requirements of due process. (Doc. 18 at 2). "As Petitioner was provided with a bond hearing where the Immigration Judge stated and seemed to apply the appropriate burden of proof and standard, the Government complied with the Order." *Doe v. Becerra*, No. 2:25-cv-00647-DJC-DMC, 2025 WL 1233883, at *3 (E.D. Cal. Apr. 29, 2025). Accordingly, the undersigned recommends that the motion to enforce the Court's prior order be denied.

Further, because Petitioner's motions for a temporary restraining order, (Docs. 24, 26),

merely seek to relitigate issues already adjudicated by the Court's prior order on the merits of Petitioner's petition, the undersigned also recommends that the motion for a temporary restraining order be denied.

**ORDER**

On August 13, 2026, Petitioner requested the appointment of counsel. (Doc. 18). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the undersigned is recommending the motion be dismissed on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

For the foregoing reasons, the undersigned hereby recommends that Petitioner's motions for a temporary restraining order, (Docs. 24, 26), and motion to enforce the Court's prior order, (Doc. 18), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE